675 S.E.2d 744

**Manuel ROBINSON, as duly appointed Personal Representative of the Estate of Brenda Doris Robinson, deceased, Petitioner,**

v.

**BON SECOURS ST. FRANCIS HEALTH SYSTEM, INC. and St. Francis Hospital, Inc., d/b/a St. Francis Women's and Family Hospital, Adrian Paul Corlette, Sr., MD, Elaine Mary Haule, MD, Donald Webster Wing, MD and Tara L. Sabatinos, PA, Respondents.**

No. 26628.

Supreme Court of South Carolina.

Heard Jan. 22, 2009.

Decided April 13, 2009.

Matthew Christian and W. Harold Christian, Jr., both of Christian Moorhead & Davis, of Greenville, for Petitioner.

Ashby W. Davis, of Davis & Snyder, of Greenville, and Gregory A. Morton, of Donnan & Morton, of Greenville, for Respondents.

PER CURIAM:

We granted a writ of certiorari to review the Court of Appeals' opinion in *Robinson v. Bon Secours St. Francis Health Sys. Inc.,* Op. No. 2006–UP–333 (S.C. Ct.App. filed September 20, 2006). The sole issue on certiorari is whether the Court of Appeals properly upheld the trial court's denial of Robinson's *Batson*[1] motion. We reverse.

## FACTS

Robinson is the personal representative of the estate of his deceased wife, Brenda, who passed away while under the care of Respondents on September 19, 2000.[2] Robinson brought wrongful death and survival actions against the hospital and treating physicians. The trial commenced on March 21, 2005.

During jury selection, counsel for the defense struck four potential jurors: three black females and one white male. The jury was ultimately composed of five white males, seven white females, one black female alternate, and one white female alternate. Robinson made a *Batson* motion to set aside the strikes of the three black potential jurors.

In response, defense counsel explained the rationale for his strike of Juror No. 12 stating, she was "a 53–year–old black female would more identify with the 52–year–old decedent in this case than she would any other party." Defense counsel also gave his reasons for striking the other black female jurors being that one had limited education and limited life experi-

---

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2. Brenda Robinson was a fifty-two year old epileptic who had a shunt implanted in August 2000 to drain fluid from her brain. She went to the St. Francis Hospital Emergency Room on September 11, 2000 after a seizure where she was evaluated and discharged. As a result of this evaluation, Robinson was subsequently advised she had a urinary tract infection and was proscribed antibiotics. She went home and began having seizures several days later. She returned to the hospital on September 15, 2000, and became comatose. She died four days later.

ence due to her youth, and the other was too young and unemployed.

The trial court held the explanations given were race neutral such that Robinson had not met his burden of demonstrating purposeful discrimination; the Court of Appeals affirmed. *Robinson v. Bon Secours St. Francis Health Sys. Inc.,* Op. No. 2006–UP–333 (S.C. Ct.App. filed September 20, 2006).

## ISSUE

Did the Court of Appeals err in affirming the denial of Petitioner's *Batson* motion?

## DISCUSSION

The Equal Protection Clause of the Fourteenth Amendment prohibits the striking of a venire person on the basis of race or gender. *McCrea v. Gheraibeh,* 380 S.C. 183, 669 S.E.2d 333 (2008). A *Batson* hearing must be held when members of a cognizable racial group or gender are struck and the opposing party requests a hearing. *State v. Adams,* 322 S.C. 114, 124, 470 S.E.2d 366, 372 (1996). At the hearing, the proponent of the strike must offer a facially race-neutral explanation for the strike. Once the proponent states a race-neutral reason, the burden is on the party challenging the strike to show the explanation is mere pretext, either by showing similarly situated members of another race were seated on the jury or that the reason given for the strike is so fundamentally implausible as to constitute mere pretext despite a lack of disparate treatment. *State v. Evins,* 373 S.C. 404, 415, 645 S.E.2d 904, 909 (2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 662, 169 L.Ed.2d 521 (2007); *McCrea v. Gheraibeh.*

An explanation for a jury strike will be deemed race-neutral **unless a discriminatory intent is inherent.** *Purkett v. Elem,* 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834, (1995); *Adams,* 322 S.C. at 123, 470 S.E.2d at 371 (emphasis supplied). Where the stated reason is inherently discriminatory, the inquiry ends and a pretext inquiry is obviated. *McCrea,* 380 S.C. at 187, 669 S.E.2d at 335. On two occasions, this Court has found the stated reason for a juror strike

facially discriminatory. In *Payton v. Kearse,* 329 S.C. 51, 56, 495 S.E.2d 205, 208 (1998), we held a peremptory challenge based upon a characterization of the juror as a "redneck" was facially discriminatory, and therefore violative of *Batson.* Most recently, in *McCrea,* we found a solicitor's "uneasiness" over a potential juror's dreadlocks was insufficient to satisfy the race-neutral requirement.

Here, defense counsel stated the reason he struck the juror was that she was a "53–year–old black female" who "would more identify with the 52–year–old decedent in this case than she would any other party." The reason is, on its face, inherently discriminatory.[3] Accordingly, the trial court erred in proceeding to the next step of the inquiry, i.e., whether the stated reason was pretextual. *Accord McCrea* (trial court must first elicit race-neutral reason for strike before proceeding with pretext inquiry). We hold the trial court erred in denying Robinson's *Batson* motion. The case is reversed and remanded for a new trial.

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY, JJ., and Acting Justice JAMES E. MOORE, concur.

---

**3.** We are unpersuaded by the claim that the reason for the strike was a similarity in age, as opposed to race. At best, the age factor provides an alternate motivation for the strike. This Court, however, has specifically rejected a dual motivation analysis in the context of a *Batson* claim. *Payton v. Kearse,* 329 S.C. 51, 59, 495 S.E.2d 205, 210 (1998) (notwithstanding validity of remaining explanations, one racially discriminatory reason vitiates strike).